UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DAVID M. GRIPP**                                                                                                  **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:17CV-709-CRS**

**USA GOV.**                                                                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff David M. Gripp filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees (DN 3), which is **GRANTED**. However, because the complaint fails to meet the pleading standards of Fed. R. Civ. P. 8(a), the action will be dismissed.

Plaintiff filed his complaint on the Court-approved complaint form for filing a civil case. He identifies the only Defendant as "USA Gov." In the statement-of-claim portion of the form, he states, "Predjust gangs so how about me." In the relief section, he writes, "me getting payed and my property and Gambling procedes." Plaintiff left blank the portion of the complaint form which asks the filer to state the basis for the Court's jurisdiction. There are no other allegations in the complaint.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Plaintiff's complaint fails to meet this standard. He fails to set forth any jurisdictional basis for filing this case in federal court. He fails to provide any coherent statement of his claim(s) or request for relief. Plaintiff, therefore, fails to give Defendant "fair notice" of his claim(s) against it. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Plaintiff fails to allege any jurisdictional basis or set forth coherent factual allegations in his complaint, this action will be dismissed by separate Order for failure to meet the pleading standard in Fed. R. Civ. P. 8(a). [1]

Date: December 21, 2017

cc: Plaintiff, *pro se*
4411.010

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[1] Subsequent to the complaint, Plaintiff filed a motion which he captioned as a motion to "handle the bisnuss" (DN 6). He seeks an order "of looking in local [] all states about Getting me paid from the computer system of Banks and all cival liberty laws." He further states, "they have not gotten me paid cents I turned 18." Even if the Court construed the motion as an amended or supplemental complaint, the allegations therein also fail to meet the Rule 8(a) standard.